# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>Jaime Davila-Reyes,<br>A.K.A. "Peluche", "Pai", "Chezina",<br><br>Defendant. | CASE NO. 09-390-1(ADC)<br>CASE NO. 13-435-1(FAB)<br>CASE NO. 13-534-5(CCC) |

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(A) & (B) FRCrP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, José Ruíz, Assistant United States Attorney, Chief, Criminal Division, Jenifer Y. Hernández-Vega, Assistant U.S. Attorney, Deputy Chief, Narcotics Unit, César S. Rivera-Giraud, Assistant U.S. Attorney, Teresa S. Zapata-Valladares, Assistant U.S. Attorney, Alberto R. López-Rocafort, Assistant U.S. Attorney, defendant's counsel, Lydia Lizarribar-Buxo, Esq. and the defendant Jaime Davila-Reyes, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to: **COUNT ONE** of the Indictment in Criminal Case 09-390(ADC), **COUNT ONE** of the Indictment in Criminal Case 13-435(FAB) and **COUNTS ONE & SIX** of the Indictment in Criminal Case 13-534(CCC).

**Count One of Indictment 09-390(ADC)** charges: From in or about 2006, the exact date being unknown to the Grand Jury, and continuing up to and until the date of the return of the

Plea Agreement
<u>United States v. Jaime Davila-Reyes</u>
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 2

instant Indictment, in Naguabo and Caguas, Puerto Rico and elsewhere and within the jurisdiction of this Court, [1] **JAIME DAVILA-REYES, A/K/A/ "PELUCHE"** and others, did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is, to knowingly and intentionally possess with the intent to distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base (hereinafter referred to as "crack"), a Schedule II, Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, and a measurable amount of a mixture or substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Ignacio Morales-Dávila and in the Jose Gautier-Benítez Public Housing Projects located respectively in the Municipalities of Naguabo and Caguas, Puerto Rico. All in violation of Title 21, <u>United States Code</u>, Sections 841(a)(1), (b)(1)(A)(iii), 846 and 860.

**Count One of the Indictment 13-435(FAB)** charges that beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until in or about the year 2011, in the Municipality of Caguas and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant **[1] JAIME DAVILA-REYES, A/K/A "PELUCHE"** and other persons did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with

intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance within 1,000 feet of the real property comprising the Gautier Benitez Public Housing Project a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Caguas, Puerto Rico.

**Count One of the Indictment 13-534(CCC)** charges that beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until the return of the instant Indictment, in the Municipality of Caguas, District of Puerto Rico and within the jurisdiction of this Court, defendant, **[5] JAIME DAVILA-REYES, A/K/A/ "PELUCHE"** and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II,

Plea Agreement
United States v. Jaime Davila-Reyes
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 4

Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Scehdule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising a public or private school and/or playground. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

**Count Six of the Indictment 13-534(CCC)** charges that beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until the return of the instant Indictment, in the Municipality of Caguas, District of Puerto Rico and within the jurisdiction of this Court, the defendant, **[5] JAIME DAVILA-REYES, A/K/A "PELUCHE"**, along with other persons, aiding and abetting each other, did knowingly and unlawfully use and carry firearms as that term is defined in Title 18, United States Code, Section 921(a)(3), during and in relation to a drug trafficking crime as charged in counts one (1) through five (5) of the instant Indictment. All in violation of Title 18, United States Code, § 924(c)(1)(A).

2.  **MAXIMUM PENALTIES**

The penalty for the offense charged in **Count One of the Indictment 09-390(ADC)** is a term of imprisonment of not less than ten (10) years or more than two terms of life; a fine not to exceed $8,000,000.00, and a term of supervised release of at least ten (10) years, all pursuant to Title 21, United States Code, §§ 846, 841(b)(1)(A) and 860.

Plea Agreement
<u>United States v. Jaime Davila-Reyes</u>
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 5

The penalty for the offense charged in **Count One of the Indictment 13-435(FAB)** is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, <u>United States Code,</u> §§ 841(b)(1)(A), 846, and 860.

The penalty for the offense charged in **Count One of the Indictment 13-534(CCC)** is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(A), 846, and 860.

The penalty for the offense charged in **Count Six of the Indictment 13-534(CCC)** is a term of imprisonment of not less than five (5) years and up to life imprisonment, to be served consecutive to any other Count of conviction; a fine not to exceed $250,000.00, and a term of supervised release up to five (5) years, pursuant to Title 18, United States Code, §§ 924(c)(1)(A)(i), (D)(ii), 3571(b)(3), 3583(b)(1).

3. **APPLICABILITY OF SENTENCING GUIDELINES**

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 <u>United States Code</u>, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges being aware that parole has been abolished and the imposition of sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

Plea Agreement
<u>United States v. Jaime Davila-Reyes</u>
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 6

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the <u>Sentencing Guidelines Manual</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the <u>Guidelines Policy Statements, Application, and Background Notes</u>). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

Plea Agreement
United States v. Jaime Davila-Reyes
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 7

7. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory, United States v. Booker, 125 S. Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations:

| Sentencing Guidelines Calculations Table<br>Count One 09-390(ADC), Count One 13-435(FAB), Count One 13-534(CCC)<br>Title 21, U.S.C., §§ 841, 846, 860. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level | At least 15 kilograms but less than 50 kilograms of COCAINE (32) [U.S.S.G. §2D1.1(c)(4)] | | | | | | | 32 |
| Specific Offense Characteristics | Protected Location. (+2) [U.S.S.G. §2D1.2(a)(1)] | | | | | | | 2 |
| Role in the Offense | Organizer or leader of criminal activity involving 5 or more participants. (+4) [U.S.S.G. §3B1.1(a)] | | | | | | | 4 |
| Acceptance | Acceptance of responsibility (Offense level is 16 or more) (-3) [U.S.S.G. §3E1.1] | | | | | | | -3 |
| Sentencing Ranges Count One | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total |
| | 35 | 168-210 | 188-235 | 210-262 | 235-293 | 262-327 | 292-365 | Offense Level Count One: 35 |
| Count Six Indictment 13-534(CCC)<br><br>Title 18, U.S.C. §924(c)(1)(A)<br><br>60 months | Where defendant pleads guilty for using and carrying a firearm during and in relation to a drug trafficking crime, a minimum term of imprisonment of sixty (60) months is mandatory. Said term is to be served consecutively to any other count of conviction. | | | | | | | Combined Sentencing Calculation<br>CHC I 228-270<br>CHC II 248-295<br>CHC III 270-322<br>CHC IV 295-343<br>CHC V 322-397<br>CHC VI 352-425<br>Months |

8.  **SENTENCE RECOMMENDATIONS**

As to Count One in 09-390(ADC), Count One in 13-435(FAB) and Count One in 13-534(CCC) the parties agree to recommend to the Court that the defendant be sentenced to serve a term of imprisonment within the applicable guideline range at a total offense level of 35, to be served concurrently. As to Count Six in Criminal Case 13-534(CCC) the parties agree to recommend to the Court that the defendant be sentenced to serve a term of imprisonment of sixty (60) months, to be served consecutively with the other counts of conviction. The parties further agree that the defendant may request that the sentence imposed in criminal case 12-754(PG) run concurrently and the United States may oppose such recommendation.

9.  **WAIVER OF APPEAL**

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

10. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties. Any request by the defendant for a sentence below 228 months or for an adjustment or departure shall constitute a material breach of this plea agreement.

11. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

## 12. DISMISSAL OF REMAINING COUNTS

At sentencing, the United States agrees to move for the dismissal of the remaining counts against the defendant in Criminal Case 09-390(ADC), 13-435(FAB), 13-534(CCC), pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

## 13. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with defendant's counsel, Lydia Lizarribar-Buxo, Esq., and indicates that counsel has rendered effective legal assistance.

## 14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA



Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

15.    **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

16.    **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

17. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

19. **VOLUNTARINESS OF GUILTY PLEA**



The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

20. **BREACH AND WAIVER**

The defendant understands and agrees that if the defendant breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if the defendant breaches this plea agreement, the Government reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if he is in breach of this plea agreement, the defendant is deemed to have waived any objection to the reinstatement of any charges under the indictment, information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

Plea Agreement
**United States v. Jaime Davila-Reyes**
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 12

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Ruiz-Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 6/11/15

_____
Jenifer Hernández
Assistant U.S. Attorney
Deputy Chief Narcotics Unit
Dated: 6/11/2015

_____
César S. Rivera-Giraud
Assistant U.S. Attorney
Dated: 6/11/2015

_____
Lydia Lizarribar-Buxo, Esq.
Counsel for Defendant
Dated: 6/11/15

_____
Jaime Davila-Reyes
Defendant
Dated: 6/11/15

_____
Teresa S. Zapata-Valladares
Assistant U.S. Attorney
Dated:

_____
Alberto R. Lopez-Rocafort
Assistant U.S. Attorney
Dated:

Plea Agreement
United States v. Jaime Davila-Reyes
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 13

I have consulted with my counsel and fully understand all of my rights with respect to the Indictments pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 6/11/15

*[signature]*
Jaime Davila-Reyes
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 6/11/15

*[signature]*
Lydia-Lizarribar-Buxo, Esq.
Counsel for Defendant

Plea Agreement
United States v. Jaime Davila-Reyes
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 14

# STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary setting forth the version of the facts leading to defendant's acceptance of criminal responsibility for violating Title 21, United States Code, §841(a)(1), (b)(1)(A), 846, 860, Title 18, United States Code, §922(o), and Title 18, United States Code, §§ 2 and 924(c)(1)(A).

**I.   Criminal Case 09-390(ADC)**

Since the year 2006, and continuing up to and until the return of the Indictment in criminal case 09-390(ADC), [1] Jaime Davila-Reyes and others, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to knowingly and intentionally possess with intent to distribute, heroin, cocaine, cocaine base, and marihuana in protected locations throughout the Municipality of Naguabo and Caguas, Puerto Rico, specifically in Ignacio Morales-Dávila Public Housing Project in Naguabo and Jose Gautier-Benitez in Caguas, Puerto Rico.

Jaime Davila-Reyes acknowledges that he was the leader of the drug trafficking organization which operated at the Ignacio Morales-Davila Public Housing Projects and that he conspired to possess with intent to distribute at least fifteen (15.0) kilograms but less than fifty (50.0) kilograms of cocaine to yield a Base Offense Level of thirty-two (32).

Jaime Davila-Reyes was the owner, main leader and supplier of this drug trafficking organization composed of more than five members. As such, he controlled and supervised the drug trafficking operations within and around the Ignacio Morales-Davila Public Housing Project. From the José Gautier-Benítez Public Housing Project in Caguas, Puerto Rico, he was

responsible for providing sufficient narcotics to the drug point owners for further distribution at the drug points located at Ignacio Morales-Davila Public Housing Project. He also collected from the drug point owners and runners the proceeds of the controlled substances sales made at Ignacio Morales-Davila and paid the drug point owners. He would supply firearms, ammunition and vehicles to other members of the drug trafficking organization to protect the drug trafficking activities at Ignacio Morales-Davila Public Housing Project from rival criminal organizations.

He admits that he joined the conspiracy willfully and knowingly and that it was his intent at all times that the objects of the conspiracy succeed. At no time prior to his arrest did the defendant manifest his intent to withdraw from the conspiracy.

## II. Criminal Case 13-435(FAB)

Beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until in or about the year 2011, in the Municipality of Caguas and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant [1] **JAIME DAVILA-REYES** and other persons did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone

Plea Agreement
<u>United States v. Jaime Davila-Reyes</u>
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 16

(commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance within 1,000 feet of the real property comprising the Gautier Benitez Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Caguas, Puerto Rico. All in violation of Title 21, <u>United States Code</u> Sections 841(a)(1), 846 and 860.

The object of the conspiracy was to distribute controlled substances at the Gautier Benitez Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Caguas, Puerto Rico for financial gain and profit. JAIME DAVILA-REYES, a/k/a "Peluche," was a leader of the drug trafficking organization composed of more than five members. He controlled the drug distribution points located at the Gautier Benitez Public Housing Project. Among other things, he directly supervised the operations at the Gautier Benitez Public Housing Project, received the proceeds from the distribution of narcotics sold during the span of his leadership in the conspiracy and was in charge of maintaining control of all the drug distribution activities. He would also act as an enforcer for the conspiracy. As an enforcer, he would possess and carry firearms as part of his drug trafficking activities and would allow other members of the conspiracy to possess and carry firearms during their drug trafficking activities. While multiple kilograms of heroin, cocaine, and cocaine base were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least 15.0 but less than 50.0 kilograms of cocaine.

Plea Agreement
<u>United States v. Jaime Davila-Reyes</u>
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 17

### III.    Criminal Case 13-534(CCC)

Beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until the return of the instant Indictment, in the Municipality of Caguas, District of Puerto Rico and within the jurisdiction of this Court, defendant, **[5] JAIME DAVILA-REYES,** and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance;  within one thousand (1,000) feet of a real property comprising a public or private school and/or playground. All in violation of Title 21, <u>United States Code</u> Sections 841(a)(1), 846 and 860.

The defendant, **[5] JAIME DAVILA-REYES,** also acknowledge that along with other persons, aiding and abetting each other, did knowingly and unlawfully use and carry firearms as that term is defined in Title 18, <u>United States Code</u>, Section 921(a)(3), during and in relation to a

drug trafficking crime as charged in count one (1) of the Indictment 13-534(CCC). All in violation of Title 18, United States Code, § 924(c)(1)(A).

The object of the conspiracy was to distribute controlled substances at the Morales Ward, in the Municipality of Caguas, Puerto Rico; all for significant financial gain and profit. Defendant **[5] JAIME DAVILA-REYES,** was a leader of the drug trafficking organization composed of more than five members. As a leader in Barriada Morales, he was in control of the drug distribution points operating in Barriada Morales during the span of his leadership. At some point during the conspiracy, he was the "owner" of the heroin, crack cocaine, powder cocaine and marijuana that was sold at drug point "Uva". As a leader, at some point in the conspiracy, he directly supervised the operations at Barriada Morales, received the proceeds from the distribution of narcotics sold during the span of his leadership in the conspiracy and was in charge of maintaining control of all the drug distribution activities. He would also receive payment or "rent" from other drug point owners in Barriada Morales. He would also act as an enforcer and supplier within the conspiracy. As an enforcer, he would carry and use firearms during and in relation to the drug trafficking activities and would allow other members of the conspiracy to carry and use firearms during and in relation of the drug trafficking activities. As a supplier he would supply with narcotics other drug points in Barriada Morales.

While multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least at least fifteen (15) kilograms but less than fifty (50) kilograms of cocaine.

The defendant agrees that the facts contained in this statement are true, including any handwriting edits that may be added to the statement. The defendant herein adopts the statement

**Plea Agreement**
<u>United States v. Jaime Davila-Reyes</u>
Criminal No. 09-390-1(ADC), 13-435-1(FAB) & 13-534-5(CCC)
Page 19

as his testimony in support of his guilty plea and requests the Court to consider it as the basis for its finding of Guilt as to Count One of the Indictment in 09-390(ADC), ~~Indictment 12-754(PG)~~, Count One of the Indictment 13-435(FAB) and Counts One and Six of the Indictment 13-534(CCC) to which he has plead.

At trial, the United States would have proven beyond a reasonable doubt that Jaime Davila-Reyes is guilty as charged in Count One of the Indictment in Criminal Case 09-390(ADC), Count One of the Indictment 13-435(FAB) and, Counts One and Six of the Indictment 13-534(CCC) by presenting physical and documentary evidence, photographs, videos and the testimony of forensic chemists as expert witnesses, cooperators, as well as the testimony of Federal Bureau of Investigation, USMS, DEA, ATF and Police of Puerto Rico agents among others. Full discovery has been provided to the defendant.

---

César S. Rivera-Giraud
Assistant U.S. Attorney
Dated: 06/11/2015

Lydia Lizarribar-Buxó, Esq.
Counsel for Defendant
Dated: 6/11/16

Teresa S. Zapata-Valladares
Assistant U.S. Attorney
Dated:

Jaime Davila-Reyes
Defendant
Dated: 6/11/15

Alberto R. Lopez-Rocafort
Assistant U.S. Attorney
Dated: