IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF
PUERTO RICO

DAVILA-REYES, JAIME, pro-se

V.

Case No: 3:13-CR-0534-05(A)
Honorable Judge: Delgado-Colon

UNITED STATES OF AMERICA
    Respondent

---

<u>DENFENDANT'S MOTION PURSUANT TO 18 U.S.C.& 3582(c)(2).BASED ON THE NEW SENTENCING GUIDELINE DOWNWARD ADJUSTMENT FOR "STATUS POINTS",AND ALSO CALLED "RECENCY POINTS",UNDER AMENDMENT 821 (U.S.S.C.).</u>

    NOW COMES PETITIONER, JAIME DAVILA-REYES,pro-se,respectfully ask the honorable court for a Reduction in Petitioner's Sentence pursuant to the NEW AMENDMENT 821 "Status Points",also called "Recency Points".

    Petitioner,prays that this motion be liberly construed and held to a standard "less stringent",than those drafted by attorney's. Haines v. Kerner, 404 U.S. 519,520 (S.Ct.1972);See also Ayala-Serrano v. Gonzalez 909 F.2d. 15, (1st Cir.1991). According to Rule 56(a),of the Federal Rules of Civil Procedure,a movant may move for any claim,he can show that there is no general dispute as to any material fact and that he is entitled to judgement,as a matter of law.

    (1)On April 27, 2023,the United States Sentencing Commission (U.S.-S.C.) voted to promulated Amendment 821 to Sentencing Guidelines,which would revise how a defendants Criminal History Category is Computed.

    (2) Part (A) of the Amendment 821 revises Section 4A1.1,of the Sentencing Guidelines to limit the overall Criminal History Impact of "Status Points",which are the ADDITIONAL Criminal History Points given to defendant's if they Committed the Instant Offense while under a Criminal Justice Sentence including Probation,Parole,Supervised Release,IMPRISONMENT,Work Release,or Escape Status. It Amends Section 4A1.1 to (1) ELIMINATE such Status Points for ANY defendant who other wise has Six,(6),or fewer Criminal History Points: (2) Apply ONE Point,instead of TWO Points,for defendants who otherwise

(1)

present SEVEN,(7),or more Criminal History Points. Section 4A1.1 is Amended by by Striking (d) and by inserting the NEW Subsection (e) and Add ONE Point if the defendant: (1) receives 7 or more Points under subsection (a) through (d), and (2) Committed the instant offense while under ANY Criminal Justice Sentence,including Probation,Parole,Supervised Release,IMPRISONMENT,Work Release,or Escape Status.

      The Commentary to 4A1.1,captioned "Application Notes",is Amended "Striking Note 4",and by redesignating "NOTE 5 4A1.1(e)",One Point is Added if the defendant (1) Receives 7 or more Points under 4A1.1 (a) through (d),and Committed a part of the Offense (i.e.Any Relevant Conduct)while under ANY Criminal Justice Sentence,including Probation,Parole,Supervised Release,IMPRISONMENT,Work Release,or Escape Status,Failure to Report for Service of a Sentence of Imprisonment,is to be treated as an Escape from Sentence. See 4A1.2-(n).For the purpose of this subsection, a Criminal Justice Sentence means Sentence a Countable under 4A1.2,(definitions and instructions for computing Criminal History)having a "Crstodial",or "Supervisory Component,although Active Supervision is NOT Required for this subsection to Apply. For example a term of UN-Supervised Probation would be included.

      A defendant who Commits the instant offense while a Violation Warrant from a prior Sentence is outstanding (i.e. Probation,Parole,or Supervised Release Violation Warrant) SHALL be deemed to be under a Criminal Justice Sentence for the purpose of this provision if that Sentence is otherwise Countable,even if that Sentence would have EXPIRED absent the Warrant. See 4A1.2 (n).

      The Commentary to 4A1.1,captioned "Background" is Amended in the last paragraph by Striking 4A1.1 (d) Adds Two Points if the defendant was under a Criminal Justice Sentence during ANY Part of the instant offense",and inserting "Section 4A1.1(e),ADDS ONE Point if the defendant Receives 7 or more Points under 4A1.1 (a) through (d) and was under a Criminal Justice Sentence during ANY Part of the instant offense.  Section 4A1.2 is Amended.

      On August 24, 2023 the U.S.S.C. approved by majority vote to make Amendment 821 Retro-Active, Effective November 1, 2023.

## BACKGROUND AND FACTS

PETITIONER is currently incarcerated at F.C.I. FORT DIX, Federal Correctional Institution, at Joint Base MDL, N.J, 08640. Petitioner, is serving a Criminal Justice Sentence of 263 month'(s) and 6 days, a term of incarceration with the U.S. Bureau of Prison.

Petitoner has been incarcerated since 7-1-2012, with a tentative Release date of 3-11-2031,(Via GCT Accreditation). Petitioner has an intense Supervised Release of 120 month'(s), 10 years.

Petitioner was convicted under 21 U.S.C.& 846 SEC 841-851 ATTEMPT; 21 U.S.C.& 841(B)(1)(A),846 & 860 CONSPIRACY TO POSSESS WITH INTENT TO Distribute At Least 15 Kilograms But Less Than 50 Kilograms of Cocaine within 1000 Feet of a Protected Location.

The District Court makes two determinations when deciding whether or not to modify a Sentence under 18 U.S.C. & 3582(c)(2). Under the First Step Act, the Sentencing Court considers what Sentence it would have imposed had the RETRO-ACTIVE AMENDMENT been in EFFECT at the "Time" the Petitioner was Sentence,(U.S.SC. 1B1.10(b).LEAVING untouched all other previous factual decisions concerning particularized sentencing factors included, inter alia, Role in the Offense; Obstruction of Justice, Victim's Adjustment, more than minimal planning and the Acceptance of Responsibility.

In this particular case, RE-Calculation of Petitioner's, Total Offense Level under the present Amendment 821, Amended Guidelines, would result in his NEW Total Offense Level of 33 to 135-168, month(s). Otherwise RE-Calculation would not result in ANY CHANGE to Petitioner's Criminal History Category.
These New factors would result in NEW Total Offense Level of 33, to 135-168 month(s). If the Court would Grant the New LOW END of 135 Month(s) of the Guide lines.

AS

explained, the Court next considers all factors contained in 18 U.S.C.& 3582(a) and, in the exercise of its thus discretion, decide whether or not to modify the original sentence previously imposed. WYATT,115 F.3d. at 609; 18 U.S.C.& 3582(c)(2).The factors set forth in 3553(a)are the following: (1)the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentence available at the time; (4) the applicable sentencing range under guidelines a time of sentencing; (5) Any pertinent Sentencing Commission Policy Statement; (6) the need to avoid unwarranted sentencing disparities among defendants; (7) the need to provide restitution to victims, 18 U.S.C.& 3553(a). Put more succinctly, the statute requires the sentence imposed to be minimal sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

Futhermore, pursuant to the ruling of the United States Supreme Court in PEPPER v. United States, S.Ct. No: 09-6822, and in conjuction with 18 U.S.C. & 3553(a) factors that Congress has instructed: Evidence of POST-Sentencing Rehabilitation may be highly relevant to several of the & 3553(a) factors that Congress has expressly instructed to consider at sentencing or Re-Sentencing.

Petitioner has appendixes Bureau of Prison (F.B.O.P.), Program Review, which details the extensive listing of Petitioner's Education Programming, in order to demonstrate to this Honorable Court Petitioner's exemplary Post Sentencing comportment and rehabilitation. As indicative within Unit Team's "Program Review". Petitioner has conducted himself with Bureau Staff and other inmates, not only in an exemplary manner, but with absolutely,"No disciplinary" history in the last 6 months, and GOOD Behavior in general throughout his incarceration. In fact, and as demonstrative of Petitioner's Post Sentencing rehabilitative behavior, Petitioner presents to this Honorable Court his (F.B.O.P. Educational Skills Development Programming that Petitioner has Completed Voltarily, and with the Indivdual Goal to BETTER prepare Petitioner for imminent Release.(Please see Program Review Attached).

Petitioner would like to impress upon the Court, Petitioner's strong intent to better himself in order to be a productive member of his community upon Release. At the time of his arrest, Petitioner was young of Age, with limited skills and No educational background, now Petitioner, is much older and fully understands the mistake he committed with his life, therefore Petitioner made the effort to get prepared for his release to be a better human being and

(4)

not make the same bad judgement which initially brought Petitioner to the jurisdiction of this Honorable Court. Accordingly, Petitioner Prays, that th Honorable Court takes into consideration of his strong Post Sentencing Rehabilitation as the most accurate indicator of "His Present", purpose and tenden to change and significantly to suggest the period of restraint and the kind ( discipline that ought to be imposed on him. (Ashe, 302 U.S. at 55), as such, Petitioner respectfully request that this Honorable Court GRANT the Rehabilitative Sentence to the LOWER END, to the NEW AMMENDMENT 821, and as most approiate.

As it may be reviewed by this Honorable Court, Petitione clearly meets all the criteria described above, making him ELIGIBLE for a TWO LEVEL REDUCTION of his Sentence.

Notably, reduction in terms of imprisonment as a result, of a Amended Guideline Range SHALL be consistent with U.S. Sentencing Guideline Policy Statement 1B1.10, including subsection (d) "COVERED AMENDMENTS". It is important to note that on July, of 2023, the U.S. Sentencing Commission voted in favor of the NEW 4C1.1 Amendment to become RETROACTIVE and include ALL ELIGIBLE prisoner's currently held in federal custody.

In addition, to 1B1.10, Commentary Application Notes (1)(B)(iii), calls for a review of Post Sentencing Conduct. As it is shown in exhibits attached herein, Petitioner, has actively and Consciously Participated in and completed multiple Evidence Based Recidivism Reduction Programs and BOP'S, designed Program Courses, which have deeply and positively impacted Petitioner's Rehabilitation. Furthermore, as per, the "FSA", First Step Act, Risk and Needs Assessment (PATTERN SCORE), REPORT, which analyzes prisoner's likelihood of Recidivating. Petitioner, is currently categorized as a LOW Recidivism Level. See Exhibits ATTACHED HEREIN.

Also, and not of less importance, Petitioner, has not only been incarcerated during the COVID-19 Pandemic. Which was/and has been extermely harsh, inhumane, and morally devasting which is a 18 U.S.C. & 3582(a) Factor. Lastly, although this NEW Downward Adjustment does not become effective until November 1, 2023. Petitioner, humbly ask this Honorable Court to consider the TWO Level Reduction prior to the effective date in light of U.S. v. McMillan, 863 F3d. 1053, 1058(8th Cir.2017). Although, the District Courts are required to apply the Guidelines in Effect on the Date of Sentencing, they may consider PENDING AMENDMENTS to the Guidelines; See U.S. v. Ruiz-Apolinio, 657 F 3d. 907 (9th Cir.2011). The discretion to Grant a variance from the Guidelines

after promulgation, but before the adoption of a "Proposed Amendment"; See U.S. Luis-Guizar, 656 F.3d, 567 (7th Cir. 2011), the "court should have considered the Pending Amendment; U.S. v. Frierson, 308 Fed Appx. 298, 302-303 (10th Cir. 2007) defendant given DOWNWARD DEPARTURE OF 15 months in light of PENDING AMENDMENT to Guidelines.

## CONCLUSION

Based on the facts of the matter established herein, Petitioner, respectfully request this Honorable Court to Grant his Motion, and Reduce his sentence from its initial level, by TWO Points/(2), or to Time Served.

As a reduction pursuant to 18 U.S.C. & 3582(c)(2). It is also requested that the Court appoint "CJA", counsel to represent Petitioner if necessary.

Respectfully Submitted

*Jaime Davila Reyes*

Date 2/15/2024

Federal ID# 40168-069

(6)

CERTIFICATE OF SEVICE

I, Jaime Davila Reyes                    , HEREBY CERTIFY, THAT A TRUE COPY OF THE FOREGOING WAS PLACED IN THE F.C.I. FORT DIX, FEDERAL CORRECTIONAL INSTITUTIONAL LEGAL MAIL BOX, WITH PROPER FIRST CLASS POSTAGE AFFIXED, AND ADDRESSED TO THE U.S. ATTORNEY'S OFFICE, AT THE UNITED STATES DISTRICT COURT HOUSE.

I, Jaime Davila Reyes                    , DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS DAY  15 , OF Febr   , 2024

RESPECTFULLY SUBMITTED

*Jaime Davila Reyes*

DATE 2/15/2024

## DECLARATION UNDER PENALTY OF PERJURY

I, __Jaime Davila Reyes__, Declare under penalty of Perjury that I am the Petitioner, I have read this Motion or had it read to me, and the information in this Motion is true and correct. I understand that false statement of material fact may serve as the basis for prosecution for perjury.

Respectfully Submitted __Jaime Davila Reyes__
Date __2/15/2024__